Kathryn J. Halford, CA State Bar No. 68141
E-Mail: kjhalford@wkpyc.com
Sally S. Frontman CA State Bar No. 227735
E-Mail: sfrontman@wkpyc.com
WOHLNER KAPLON PHILLIPS
YOUNG & CUTLER
A Professional Corporation
16501 Ventura Boulevard, Suite 304
Encino, California 91436
Telephone: (818) 501-8030
Fax: (818) 501-5306

Attorneys for Plaintiffs the Boards of Directors of
the Motion Picture Industry Pension Plan, the Motion
Picture Industry Individual Account Plan, and the Motion
Picture Industry Health Plan

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (Western Division)

THE BOARDS OF DIRECTORS OF
THE MOTION PICTURE INDUSTRY
PENSION PLAN, THE MOTION
PICTURE INDUSTRY INDIVIDUAL
ACCOUNT PLAN, AND MOTION
PICTURE INDUSTRY HEALTH PLAN,

                Plaintiffs,

v.

IMG FILM 14, 1NC., a California
corporation,

                Defendant.

CASE NO.

CV11 01155 RGK (AGRx)

COMPLAINT FOR SPECIFIC
PERFORMANCE AND
VIOLATION OF ERISA

[29 U.S.C. §§1132, 1145
29 U.S.C. §185]

Plaintiffs allege as follows:

## JURISDICTION

1.    Jurisdiction is conferred upon this Court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq., and by Section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

U:\Frontman\MP\IMG Flm 14, Inc\Complaint (sp audit).wpd

1                              **VENUE**

2        2.     In accordance with ERISA §502(e), 29 U.S.C. §1132(e), venue is

3 appropriate in the Central District of California as the place where the Plans are

4 administered, and where the contractual obligations alleged herein are to be

5 performed.

6                            **PARTIES**

7        3.     Plaintiffs, the Boards of Directors of the Motion Picture Industry

8 Pension Plan and of the Motion Picture Industry Individual Account Plan and of

9 the Motion Picture Industry Health Plan ("Plaintiffs") are each the duly selected

10 governing bodies of their respective jointly administered Labor-Management Trust

11 Funds which were created and are maintained pursuant to LMRA §302 (c)(5), 29

12 U.S.C. § 186(c)(5).

13        4.     The Motion Picture Industry Pension Plan ("Pension Plan") and the

14 Motion Picture Industry Individual Account Plan ("IA Plan") are "Employee

15 Pension Benefit Plans" as defined in ERISA §3(2), 29 U.S.C. § 1002(2). The

16 Motion Picture Industry Health Plan ("Health Plan") is an "Employee Welfare

17 Benefit Plan" as defined in ERISA §3(1), 29 U.S.C. § 1002(1). The Pension Plan,

18 IA Plan, and Health Plan (collectively referred to herein as the "Plans") are

19 "multiemployer plans" within the meaning of ERISA § 3(37)(A) and, 29 U.S.C. §

20 1002(37)(A), and ERISA § 515, 29 U.S.C. § 1145. Plaintiffs are fiduciaries with

21 respect to the Plans within the meaning of ERISA §21(A) 29 U.S.C.§1002(21)(A).

22        5.     The Plans were established pursuant to collective bargaining

23 agreements between various employers and employer associations performing

24 work in the entertainment (motion picture and television) industry, an industry

25 affecting commerce, and the International Alliance of Theatrical Stage Employees

26 and Moving Picture Machine Operators of the United States and Canada, AFL-

27 CIO ("IATSE"), an unincorporated labor organization. The Plans are administered

28 in Studio City, within the County of Los Angeles.

6.     Plaintiffs are informed, believe, and thereon allege that during all relevant times Defendant, IMG Film 14, Inc. ("IMG" or "Defendant"), was and is a corporation organized and existing under and by virtue of the laws of the State of California, with its principal place of business in San Diego, California.

7.     This Complaint is prosecuted pursuant to LMRA §301(a), 29 U.S.C. §185(a), and pursuant to ERISA §§502 and 515, 29 U.S.C. §§1132 and 1145, to enforce the provisions of ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF

(Specific Performance)

8.     On or about August 31, 2009, Defendant executed a collective bargaining agreement entitled "'Minkow' / IMG Film 14, Inc., Memorandum Agreement" (hereinafter, "Agreement") binding Defendant to the Producer-IATSE Basic Agreement of 2009 and its successor agreements (hereinafter, "Basic Agreement") for the production of the motion picture entitled "Minkow" (hereinafter, "Film").

9.     On or about August 31, 2009, Defendant further executed a Trust Acceptance in which Defendant agreed to be bound by all terms and conditions of the Trust Agreements establishing the Plans for all employees doing work within the jurisdiction of the Basic Agreement.   A true copy of the Trust Acceptance executed by Defendant and maintained as a record of the Plans is attached hereto as Exhibit "1" and is incorporated herein by this reference.

10.     On or about August 31, 2009, Defendant further executed an Agreement of Consent pursuant to which it agreed to become a party to and be bound by the Trust Agreements established pursuant to the following collective bargaining agreements: (1) The Producer-IATSE Basic Agreement of 2009 between the Alliance of Motion Picture and Television Producers, Inc. (AMPTP) and the IATSE and its West Coast Studio Locals, and (2) the Videotape

1    Electronics Supplemental Basic Agreement of 2009 and the Supplemental Digital
2    Production Agreement between the IATSE and AMPTP, and, (3) the Trust
3    Agreements established pursuant to the Collective Bargaining Agreements,
4    specifically, the Health Plan, the Pension Plan, the Trust Fund and the payroll
5    companies agreement incorporated in the Basic Agreement, including any
6    amendments, modifications, extensions, supplements or renewals.

7          11.    In accordance with the Basic Agreement and Trust Agreements to
8    which Defendant is bound, an Employer's weekly contributions to the Plans are
9    separately calculated by determining the total hours worked by or guaranteed to all
10   employees covered by the Basic Agreement, including overtime in a particular
11   week and then multiplying all such hours by the rates set forth in the Basic
12   Agreement and the Trust Agreements.  The Basic Agreement and Trust
13   Agreements obligate Defendant to forward a single, combined weekly remittance
14   report, together with contributions owed to the Plans by the last day of the week
15   following the week in which work was performed.  Contributions are delinquent if
16   they are not received within five (5) days from the date such contributions become
17   due.

18         12.    In order to ensure that the Plans receive accurate contributions Article
19   III of the Pension Plan, Article V of the Health Plan and Article III of the
20   Individual Account Plan provide, "[t]he Directors may, at reasonable times and
21   during normal business hours of any Employer, audit or cause the audit or an
22   inspection of the records of any Employer which may be pertinent in connection
23   with the said Contributions and/or reports insofar as same may be necessary to
24   accomplish the purposes of [the Plans].  Should any such audit or inspection
25   disclose a delinquency, underpayment, or other erroneous reporting, the cost of the
26   audit or inspection shall be borne by the Employer."

27         13.    The Plans have determined that the following records must be made
28   available for inspection, and are necessary for the Plans to determine whether all

U:\Frontman\MP\IMG Flm 14, Inc\Complaint (sp audit).wpd          4

1   contributions have been properly reported and paid to the Plans in accordance with
2   the Agreement, Basic Agreement and Trust Agreements:  all of the books and
3   records concerning the classification of the employees of Defendant, their names,
4   social security numbers, the amount of wages paid to each, and the hours worked,
5   including, but not limited to, Individual Time Cards and/or start slips; Individual
6   payroll ledger;  Quarterly returns filed with each state in which work was
7   performed or filed with any other state agency; Accounts Payable/Cash
8   Disbursement Journals (or canceled checks in lieu thereof);  Quarterly returns filed
9   with the Federal Government (Form 941); Cash Disbursement Journal; Cancelled
10  checks and the check stub register; Invoices and backup for Cash Disbursement
11  Journal, cancelled checks and the check stub register; Forms W-2 and W-3; Forms
12  1096's and 1099's; Workers' compensation carrier reports; General Ledger;
13  Accounts Receivables and such other records as may be necessary in the opinion
14  of the Plans' auditor, and any other records or information that the Plans require to
15  examine for the audit period of August 31, 2009 to December 24, 2009.
16      14.   The Trust Agreements for each of the Plans further provide that in the
17  event Defendant fails to make records available for an audit or inspection and the
18  Plans file a lawsuit to compel the production of documents, Defendant will be
19  liable for the Plans' enforcement expenses including "all reasonable accountants'
20  fees, auditors' fees, attorneys' fees and costs incurred in connection therewith, in
21  addition to any delinquent contributions, liquidated damages, interest, attorneys'
22  fees and costs incurred in connection therewith, whether or not the audit or
23  inspection identifies delinquent contributions."
24      15.   In accordance with the provisions of the Trust Agreements and the
25  exercise of their fiduciary duties required by federal statutory and common law,
26  and in accordance with the Agreement, the Basic Agreement, and the applicable
27  Trust Agreements, on November 16, 2009 Plaintiffs requested that Defendant
28  submit its records for audit for the period of "August 31, 2009 to date" in order to

1   ascertain if Defendant has accurately reported and paid contributions in accordance
2   with the Agreement to which it is bound, the Basic Agreement, and the applicable
3   Trust Agreements.  On April 29, 2010, Plaintiffs requested that Defendant submit
4   its records for audit for the period of August 31, 2009 to December 24, 2009.
5   Defendant has failed, refused and continues in such failure and refusal to comply
6   with Plaintiffs' audit request, and has thereby breached the Agreement, Basic
7   Agreement, and Trust Agreements.

8        16.   As a result of Defendant's breach of its obligations under its
9   Agreement, Basic Agreement, and the Trust Agreements, Plaintiffs are unable to
10   ascertain whether Defendant has properly reported and paid contributions to the
11   Plans. The exact amount of damages incurred as a result of Defendant's breach has
12   not been determined, but Plaintiffs will seek permission of the court to amend when
13   the amounts are ascertained through audit.

14        17.   As a result of Defendant's refusal to make its records available for
15   audit, it has been necessary for the Plans to employ the law firm of Wohlner
16   Kaplon Phillips Young & Cutler.

17        18.   Plaintiffs are entitled to and hereby demand an order requiring
18   Defendant to produce records for the period of August 31, 2009 to December 24,
19   2009 for audit, together with attorneys' fees and costs, including audit costs
20   incurred in enforcing Defendant's obligations under the Agreement, Basic
21   Agreement, and Trust Agreements.

22        19.   Plaintiffs have complied with all conditions precedent, if any, to be
23   performed under the terms of the Agreement, Basic Agreement, and the applicable
24   Trust Agreements.

## SECOND CLAIM FOR RELIEF

### (Violation of ERISA)

27        20.   Plaintiffs hereby reallege each and every allegation contained in
28   paragraphs 1 through 19, as if fully set forth herein.

U:\Frontman\MP\IMG Flm 14, Inc\Complaint (sp audit).wpd                6

21.     By failing to permit an audit in accordance with the provisions of its Agreements and the Trust Agreements for the period of August 31, 2009 to December 24, 2009, Defendant has violated ERISA §515, 29 U.S. C. §1145.

22.     Without access to the compensation records, Plaintiffs are unable to determine whether Defendant has accurately reported and paid contributions, since reporting is based solely on Defendant's statement and the Plaintiffs have no quick, economical or efficient way to determine if the reported contributions are correct. Without access to Defendant's records, Plaintiffs will be unable to determine whether benefits have been properly paid to Defendant's employees which may subject the Plans to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

23.     In accordance with the terms of the Agreement and the Trust Agreements and pursuant to ERISA §§502(g)(2)(E) and 515, 29 U.S.C. §§1132(g)(2)(E) and 1145, Plaintiffs are entitled to and hereby demand production of Defendant's records for the period of August 31, 2009 to December 24, 2009 for audit, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreement, the Basic Agreement and Trust Agreements.

WHEREFORE, Plaintiffs pray for judgment against Defendant, IMG Film 14, Inc., a California corporation, as follows:

**ON THE FIRST AND SECOND CLAIMS FOR RELIEF**:

1.     For an Order compelling audit whereby Defendant shall be directed by the Court within a specified time after entry to:

A.     Make available to the Plans all of the books and records concerning the classification of the employees of Defendant, their names, social security numbers, the amount of wages paid to each, and the hours worked,

1  including, but not limited to, Individual Time Cards and/or start slips; Individual

2  payroll ledger;  Quarterly returns filed with each state in which work was

3  performed or filed with any other state agency; Accounts Payable/Cash

4  Disbursement Journals (or canceled checks in lieu thereof);  Quarterly returns filed

5  with the Federal Government (Form 941); Cash Disbursement Journal; Cancelled

6  checks and the check stub register; Invoices and backup for Cash Disbursement

7  Journal, cancelled checks and the check stub register; Forms W-2 and W-3; Forms

8  1096's and 1099's; Workers' compensation carrier reports; General Ledger;

9  Accounts Receivables and such other records as may be necessary in the opinion of

10  the Plans' auditor, and any other records or information that the Plans require to

11  examine for the period of August 31, 2009 to December 24, 2009.

12         B.     Afford to the Plans both ample time and opportunity to examine

13  all of the Defendant's materials specified above, without harassment, at such time

14  and at such place as shall be convenient to the authorized representative of the

15  Plans.

16         2.     That in the event Defendant cannot produce all of the records which

17  the Plans are required to examine, the court enter an Order Compelling Record

18  Reconstruction where Defendant shall be directed by the court within a specified

19  time after the entry thereof, to:

20         A.     Apply to the federal and state agencies with which Defendant

21  previously filed periodic reports pertaining to employees for copies of the

22  Defendant's reports to them for all of the periods for which Defendant cannot

23  produce records; and

24         B.     Subsequently make available to the Plans all such copies of

25  Defendant's periodic reports to the federal and state agencies under the conditions

26  set forth in 1(B) above;

27         3.     For auditors' fees:

28         4.     For reasonable attorneys' fees incurred in prosecuting this action;

1       5.     For costs of suit; and

2       6.     For such other appropriate equitable relief as the Court deems

3  appropriate.

4

5  **ON THE SECOND  CLAIM FOR RELIEF:**

6       7.     For such other appropriate equitable or legal relief in accordance with

7  ERISA §502(g)(2)(E), 29 U.S.C. 1132(g)(2)(E).

8

9

10  Dated: February 4, 2011          Kathryn J. Halford, Esq.

11                         Sally S. Frontman, Esq.
                            WOHLNER KAPLON PHILLIPS

12                         YOUNG & CUTLER

13

14                         By _____

15                            Sally S. Frontman
                            Attorneys for Plaintiffs the Boards of

16                         Directors of the Motion Picture Industry
                            Pension Plan, the Motion Picture Industry

17                         Individual Account Plan, and the Motion
                            Picture Industry Health Plan

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT___1__**

**EXHIBIT__1__**

I.A.T.S.E.                                    Single Signatory Production

TRUST ACCEPTANCE

To the:     Directors of the Motion Picture Industry Health Plan
            Directors of the Motion Picture Industry Pension Plan
            Directors of the Motion Picture Industry Individual Account Plan
            11365 Ventura Boulevard, Studio City, California 91604

The undersigned ("Employer") represents and agrees:

1.      That the Employer is engaged in the production of motion pictures or is engaged primarily in the business of furnishing materials or services for motion picture productions and

That the Employer is familiar with the provisions of the respective collective bargaining Agreements and Declarations of Trusts establishing the (a) Motion Picture Industry Health Plan dated October 20, 1952 as amended ("Health Plan") and (b) the Motion Picture Industry Pension Plan dated October 26, 1953, as amended, ("Pension Plan") and (c) the Motion Picture Industry Individual Account Plan dated August 1, 1979, as amended ("Individual Account Plan") (collectively referred to as the "Plans").

2.      The Employer and the International Alliance of Theatrical Stage Employes, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada, AFL-CIO ("Union") have entered into and are bound to a collective bargaining agreement ("Agreement") in effect as of ___08|31|09___ ; the Union is a party to the Health Plan as set forth in Article 1, Section 3 of the Health Plan and is a party to the Pension Plan as set forth in Article 1, Section 27 of the Pension Plan and is a party to the Individual Account Plan as set forth in Article 1, Section 29 of the Individual Account Plan.

3. DATE OF HIRE The amounts and obligations of the Employer to make contributions to the Health Plan shall commence as of _____ and to the Pension Plan and the Individual Account Plan shall commence as of ___DATE OF HIRE___ in accordance with the provisions set forth in Article V of the Health Plan and Article III of the Pension Plan and Article III of the Individual Account Plan and the provisions set forth in Article XII, Article XIII, Article XIIIA and Article XXXIV(d) of the Producer-IATSE Basic Agreement of 2009 ("Basic Agreement") and set forth in Article 34 of the Videotape Electronics Supplemental Basic Agreement of 2009 ("Videotape Agreement"), and the Supplemental Digital Production Agreement, and successor Agreements, copies of which have been furnished to the Employer. Employer further represents that it is familiar with the provisions of Article V, Section 6. of the Health Plan, Article III, Section 8. of the Pension Plan and Article III, Section 5. of the Individual Account Plan regarding adequate payroll records.

4.      In accordance with Article XIV of the Basic Agreement and Article 34 of the Videotape Agreement and in accordance with Article XIII, Section 3 of the Health Plan for the period and purposes set forth therein, the Employer commencing as of ___DATE OF HIRE___ ; shall pay to the Pension Plan, through its Administrator as agent for receipt, collection and transmittal to the Retired Employees Fund of the Health Plan, the amount of contributions set forth in Article V of the Health Plan and Article XIV of the Basic Agreement, for each hour guaranteed by or each hour worked for the Employer by employees for whom the Employer is obligated hereunder to make the required contributions.

5.      In accordance with Article XIX (Post '60's Theatrical Motion Pictures) and Article XXVIII (Supplemental Markets) of the Basic Agreement, the Employer shall pay to the Plans the amounts due and in the manner set forth in the above sections as to motion pictures covered by such Post '60's and Supplemental Market provisions.

6.      The required contributions shall be made as to employees only for such services as the employees actually rendered in connection with motion picture production.

7.      Subject to the provisions of Article IX of the Health Plan and Article XIII Section 2 of the Pension Plan, the Employer by this Trust Acceptance agrees and intends to become a party and to participate in the Health Plan and Pension Plan and Individual Account Plan to the same extent as though the Employer had executed such Trust Agreements or their counterparts with respect to the employees covered by the collective bargaining agreement.

8.      The Employer appoints the Alliance of Motion Picture and Television Producers, Inc. to act for the Employer under the terms and conditions of the Health Plan, the Pension Plan and the Individual Account Plan.

DATED: 8/31/09                          DATED: 8-31-09

EMPLOYER: Ari Palitz   Img film 14      INTERNATIONAL ALLIANCE OF THEATRICAL STAGE
                                        EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND
                                        ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES
                                        AND CANADA
          (Print Name of Employer)

By: Ari Palitz                          By: Michael F. Miller, Jr.

Signature:                              Signature:
Title: Partner                          Title: International Vice President
Address: 9747 Business Park Ave #8             Director-Motion Picture and Television Production Dept.

City: San Diego
State: CA   Zip: 92131                   RECEIVED
Phone:
                                        SEP 04 2009

                                        EMPLOYER CONTRACTS

EXHIBIT __1__ PAGE _10_

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV11- 1155 RGK (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Kathryn J. Halford, CA State Bar No. 68141
Sally S. Frontman CA State Bar No. 227735
WOHLNER KAPLON PHILLIPS YOUNG &
CUTLER, APC
16501 Ventura Boulevard, Suite 304
Encino, California 91436          T: 818-501-8030

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARDS OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN [Additional List of Parties Attachment Form attached] PLAINTIFF(S) <br><br> v. <br><br> IMG FILM 14, 1NC., a California corporation <br><br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV11 01155 RGK (AGRx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): <u>IMG FILM 14, 1NC., a California corporation</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, <u>Wohlner Kaplon Phillips Young & ____</u>, whose address is <u>Cutler, APC, 16501 Ventura Boulevard, Suite 304, Encino, CA 91436</u>.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  FEB - 7 2011

By: _____
Deputy Clerk

CHRISTOPHER POWERS

(Seal of the Court)

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

| SHORT TITLE: THE BOARDS OF DIRECTORS vs. IMG FILM 14, 1NC. | CASE NUMBER: |
|---|---|

Attachment to Summons - CV-01A
Additional Parties Attachment Form

Additional Plaintiffs:

THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN, AND MOTION PICTURE
INDUSTRY HEALTH PLAN

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ____2

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>THE BOARDS OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN, AND MOTION PICTURE INDUSTRY HEALTH PLAN | DEFENDANTS<br>IMG FILM 14, INC., a California corporation |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Wohlner Kaplon Phillips Young & Cutler, APC<br>16501 Ventura Boulevard, Suite 304<br>Encino, California 91436     (818) 501-8030 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $ TBD + fees and costs

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. §§185, 1132, 1145

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☑ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application |  | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee |  | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  |  | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights |  | ☐ 871 IRS-Third Party 26 USC 7609 |

## CV11 01155

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Diego County |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date February 4, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |